**Donette Marie SMITH, an individual, Plaintiff—Appellant,**

v.

**COUNTY OF RIVERSIDE, a local public entity e/s/a Riverside Sheriff's Department; Bob Doyle, an individual; David Johansen, (# 1356), an individual; Russell Leach, an individual; City of Riverside, a municipal corporation Riverside Police Department, Defendants—Appellees.**

No. 06–56848.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2008.

Filed June 4, 2008.

John M. Porter, Esq., Lewis Brisbois Bisgaard & Smith LLP, Christopher D. Lockwood, ESQ., Arias & Lockwood, Sam Bernardino, CA, for Plaintiff–Appellant.

Timothy T. Coates, Esq., Greines Martin Stein & Richland, LLP, Los Angeles, CA, Michael A. Bell, Esq., La Follette Johnson Dehaas Fesler & Ames, Riverside, CA, Gregory P. Priamos, Esq., City of Riverside City Attorney, Riverside, California, for Defendants–Appellees.

Before: WARDLAW and IKUTA, Circuit Judges, and FOGEL *, District Judge.

## MEMORANDUM **

Donette Smith appeals from the district court's grant of summary judgment in favor of the City of Riverside ("City") and County of Riverside ("County"), and certain officers involved in initiating and con-

ducting a strip search of her person. Officers at a County correctional facility stripped Smith of her clothes at the recommendation of City Police Officer David Johansen, who stated his belief that Smith might have secreted drugs on her person. The strip search revealed nothing. Smith filed this action alleging violations of 42 U.S.C. § 1983 and state law against Officer Johansen, his commanding officer Russell Leach, the City, County Sheriff Bob Doyle and the County. Smith claims that the officers lacked the constitutionally required reasonable suspicion to conduct the strip search and therefore violated her Fourth Amendment rights. We affirm as to the County and Sheriff Doyle, but reverse as to the City, and Officers Johansen and Leach.

## I. Claims Against the City

■ Genuine issues of material fact preclude summary judgment as to Smith's § 1983 claim. *See Galen v. County of Los Angeles,* 477 F.3d 652, 658 (9th Cir.2007) (noting that the non-moving party may defeat summary judgment if she makes a showing sufficient to establish a question of material fact requiring a trial to resolve). For this strip search to pass constitutional muster, the officers must have had a reasonable suspicion that Smith had either drugs or weapons on her person. *See Ward v. San Diego County,* 791 F.2d 1329, 1332 (9th Cir.1986) ("[A] strip search could be justified if the arresting officer had at least a reasonable suspicion that the arrestee possessed a weapon or contraband."); *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1446 (9th Cir.1991) ("[A] visual body cavity search of a particular detainee for contraband or weapons may still be justi-

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fied where a police officer has reasonable suspicion to conduct such a search.").

Smith has adduced sufficient evidence to undermine the existence of reasonable suspicion for the strip search. Through the City police dispatch, Officer Johansen received an anonymous tip indicating that a drug courier would approach a given intersection riding on bicycle. However, anonymous tips have limited value in supporting reasonable suspicion. *See Florida v. J.L.*, 529 U.S. 266, 270, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (citing *Alabama v. White*, 496 U.S. 325, 329, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)) ("[A]n anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity.") (internal quotation marks omitted). Moreover, the evidence as to this tip's predictive value is in dispute. Officer Johansen attests that an anonymous caller told him that a "person" would appear on a bike at a certain location, and that Smith matched these two variables. Smith has adduced evidence to the contrary—namely, the police dispatch log—which indicates that the tipster told Riverside Police officers to expect a "male on bike." Whether Officer Johansen knew that he was to be on the lookout specifically for a male bicyclist is a disputed issue of fact material to the legal question of whether Johansen had a reasonable suspicion that Smith, a female, was the person described by the tipster. A determination as to whether "reasonable suspicion" justified the strip search requires further development of the factual record.

## II. Claims Against County

■ Because Smith chose to sue the County and Sheriff Doyle, rather than the individuals who conducted the strip search, we review whether either party instituted

polices and procedures resulting in the constitutional deprivation. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). As the district court correctly concluded, the County's policies regarding strip searches meet constitutional requirements, as they required that a trained supervisor approve the search based on specific and articulable facts giving rise to reasonable suspicion that an individual has either weapons or contraband. Because the County's policies thus are constitutional, neither the County nor Doyle is liable under *Monell.*

The district court properly held that Smith has not made out a claim against the County under California Civil Code § 52.1 against the County.

**AFFIRMED IN PART, REVERSED IN PART.**

Each party shall bear its own costs on appeal.